PHILIP S. WARDEN (SBN 54752)
 philip.warden@pillsburylaw.com
CECILY DUMAS (SBN 111449)
 cecily.dumas@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

*Attorneys for Stephen A. Finn*
 *and Angelica de Vere*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>　　　　Debtor.<br><br>SVP,<br><br>　　　　Debtor. | Case No. 17-10065-RLE<br><br>CHAPTER 11<br>(Jointly Administered) |
| SVC and SVP,<br>　　　　Plaintiffs,<br>v.<br>STEPHEN A. FINN and ANGELICA de VERE,<br>　　　　Defendants. | Adv. Pro. No. 17-01023-RLE<br><br>**DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM**<br><br>Date:　　October 31, 2018<br>Time:　　2:00 p.m.<br>Location:　1300 Clay Street<br>　　　　　Oakland, CA 94612<br>　　　　　Courtroom 201 |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES CHIEF**

**BANKRUPTCY JUDGE, TRUSTEE, DEBTORS, AND ALL INTERESTED PARTIES:**

- 1 -
DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL
SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM

In further support of their *Motion for (A) Partial Summary Judgment and (b) Dismissal for Failure to State a Claim*, filed on September 28, 2018 [Adv. Pro. Dkt. No. 22] (the "Motion"), defendants Stephen A. Finn ("Finn") and Angelica de Vere ("de Vere") hereby submit this response to the opposition thereto filed by the Trustee on October 17, 2018 [Adv. Pro. Dkt. No. 25] (the "Opposition"), and respectfully represent as follows.[1]

***A.   Summary Judgment***

1. The Trustee has not effectively opposed summary judgment with respect to the First and Second Claims for Relief. Fed. R. of Civ. P. 56(d) describes how that is done, but here the Trustee has not fulfilled its requirements or raised any justiciable issues of material fact.

2. A court may defer considering a summary judgment motion, or deny it, if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). However, a party invoking Rule 56(d) "bears the burden of showing 'what facts [it] hopes to discover to raise a material issue of fact.'" *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (quoting *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986)). Moreover,

> [c]ompliance with [Rule 56(d)] requires more than a perfunctory assertion that the party cannot respond because it needs to conduct discovery. In that regard, references in memoranda and declarations positing a need for discovery do not constitute a proper motion under [Rule 56(d)]. Rather, the rule requires affidavits setting forth with particularity: (1) why the party opposing summary judgment cannot respond; (2) the particular facts that the party reasonably expects to obtain in further discovery; and (3) how the information reasonably expected from its proposed discovery requests could be expected to create a genuine issue of material fact that would defeat the summary judgment motion.

*Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1213 (C.D. Cal. 2002); *see also Tatum v. City and Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to [Rule 56(d)] must identify by affidavit the specific facts that further discovery would

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

- 2 -
DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL
SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM

Case: 17-01023   Doc# 26   Filed: 10/24/18   Entered: 10/24/18 13:50:48   Page 2 of 7

reveal, and explain why those facts would preclude summary judgment."). Failing to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

3. Here, the adversary proceeding was filed 15 months ago, and although no discovery has ever been requested formally, the Secured Creditors have always cooperated with the Trustee— including giving thousands of pages of support for their claims long before the Sale closing, and the fees and costs, and allowing the Trustee to have essentially unfettered access to the Secured Creditors' CPA, records, and time sheets. The Trustee fails to say in his Opposition what would be revealed if a Rule 26 conference were held or discovery were allowed. The Opposition never says the Trustee needs any depositions, nor identifies any documents he needs.

4. Instead, the Trustee suggests (without support) that a motion to dismiss may be procedurally improper before a Rule 26 conference is held. Yet, there is no such rule. Fed. R. Civ. P. 56(b) very clearly states that, unless local rules state or the court orders otherwise, "a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." (emphasis added).[2] This includes summary judgment before discovery, *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989), before filing an answer, *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006)), and even, in one instance, in violation of the court's Rule 16(f) pretrial scheduling order, *Johnson v. United States*, 460 F.3d 616, 619-620 (5th Cir. 2006) (although the district court may impose time limits for filing motions pursuant to rule 16(f), "it [was] uncertain whether the 'case management dictates' of rule 16(b) must necessarily prevail over the 'at any time' dictates of rule 56(b), and not *vice versa*.").

*1. The First Claim for Relief*

5. There is no genuine issue of material fact that prevents the dismissal of the First Claim for Relief, and the Trustee's attempt to avail himself of a "'rights reservation' letter which was timely made by counsel," Opp. at 2:26-3:2, does not change this. Nowhere in his Opposition does the

---

[2] Neither the Civil Local Rules nor the Bankruptcy Local Rules for the United States District Court for the Northern District of California state otherwise.

- 3 -
DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL
SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM

Trustee say it was *his* counsel who sent the rights reservation letter (because it wasn't), or that he or his counsel joined in the reservation at the time (because they didn't). Later, the Trustee mistakenly states that "the Debtors' counsel specifically 'reserved all rights' against Mr. Finn in writing, specifying the very claims that are at issue." Opp. 4:22-25. To the extent the Trustee is referring to the "rights reservation letter," however, that was asserted by the Sullivans and not the Debtors,[3] and the Opposition does not now claim it was adopted at the time by either the Debtors or the Trustee. In any event, the Sullivans' reservation certainly was not part of any objection to the Sale Motion or integrated into the Sale Order or otherwise aired before the Court before Mr. Finn was paid out of the Sale escrow (and the Opposition does not now claim otherwise).

6. Although the Opposition attempts to distinguish *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998), by noting that no objections were filed by the trustee or debtor in that case until after the claims there were paid, this attempt is unavailing. *Siegel*'s conclusion holds "whether or not" objections were made. *Id.* at 532. Moreover, the differences pointed out by the Trustee mean only that *Siegel* applies with all the more force here, where the adversary proceeding (filed in July 2017) objected to Mr. Finn's claims; upon his appointment (at the end of August 2017) the Trustee succeeded to the objections asserted in adversary proceeding; the Sale Order (in December 2017) authorized the Trustee to "satisfy all undisputed Affected Liens," which defined term included Mr. Finn's liens; and upon the Sale closing (in January 2018), the Trustee paid Mr. Finn's claims from Sale proceeds as authorized by the Sale Order and anticipated by all the relevant parties.

7. In short, the Trustee was authorized to pay undisputed claims, so when he paid Mr. Finn's claims without objecting to doing so or reserving rights (either independently or by joining the Sullivans), the Trustee indicated that he did not dispute them (*i.e.*, the claims were allowed) despite the prior assertion of the First Claim for Relief. For their part, neither the Debtors nor the Sullivans objected to the Trustee paying Mr. Finn's claims when the Trustee filed his Sale Motion,

---

[3] John MacConaghy represented only Kelly and Ross Sullivan, never the Debtors, who have been represented by Steve Olson and Michael Fallon. Also, the Sullivans' reservation was asserted via e-mail, not a letter.

- 4 -
DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL
SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM

or at the Sale hearing, or when the Court issued the Sale Order. The Debtors themselves did not object or reserve rights at the time of payment. Only the Sullivans purported to reserve rights at the time of payment (by sending an e-mail to the Secured Creditors, without bringing the matter to the Court)—and since that time, if it was ever effective at all, their reservation has been obviated by a formal objection that seeks to expunge Finn's original claims as having been satisfied (rather than as being invalid *ab initio*). See Ch.11 Case Dkt. No. 310, filed March 16, 2018. As noted in the Motion, the Court has already acknowledged the correctness of this analysis when it recognized that WR's claims (which were addressed in the Sale Order, at the Sale closing, and in the Sullivans' reservation e-mail, in exactly the same manner as Mr. Finn's claims) "were allowed claims as of January 10, 2018." *Order Regarding First Amended and Restated Objection to Claims 11 and 12 Filed By Winery Rehabilitation, LLC* [Dkt. No. 368].

8. In sum, the Trustee does not raise any genuine issue regarding the relevant facts, and the case law holds that allowed claims support a plea of *res judicata* in the face of later assertions of reserved rights (which in this case were not even reserved by the Trustee, and the Sullivans have since adopted a contrary position). For the reasons stated in the Motion, and because the Opposition fails to raise any justiciable issues of material fact, the assertions contained in the First Claim for Relief are indeed moot and the claim should be dismissed.

   *2. The Second Claim for Relief*

9. Defendants gratefully acknowledge the Trustee's acquiescence to their motion for summary judgment regarding the Second Claim for Relief. *See Opp.* at 3:3-11; *id.* at 5:11-19. Defendants respectfully request, however, that any order on the Motion clearly reflect that any adjudication in the Napa County case will have *res judicata* effect on any further proceedings in this or any other Court.

**B.  *Failure to Allege Harm in the Third Claim for Relief***

10. In opposing the Defendants' contention that the Complaint in the adversary proceeding fails to allege a necessary element to support the Third Claim for Relief (*viz.*, harm caused by their purported conduct), the Trustee accuses the Defendants of making a "leap of logic." Opp.

- 5 -
DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL
SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM

Case: 17-01023    Doc# 26    Filed: 10/24/18    Entered: 10/24/18 13:50:48    Page 5 of 7

at 6:2-4. However, even on a Rule 12(b)(6) standard, the plaintiff bears the burden of stating a prima facie claim. It is not the Defendants' role to show (logically or otherwise) that their alleged conduct did not result in harm; it is the plaintiffs' burden to plead the elements of the claim—which the plaintiffs in this adversary proceeding simply failed to do.

11. Even if the "troubling facts" alleged in the Complaint are conceded as true for purposes of the Motion, the mere fact that certain parties became employees and have contract claims against the estate hardly amounts in itself to harm to the estate. Perhaps recognizing the Complaint's own jumping to conclusions, the Opposition seeks to augment those allegations now by pointing to "giant claims" allegedly arising from "enormously generous severance packages" supposedly improperly granted by the Defendants to former employees, and by making unfounded and irrelevant insinuations about Mr. Finn's ulterior motives and control over other parties. Opp. at 6.

12. The Trustee also complains that it is premature to dismiss the Third Claim for Relief because he "inherited" this adversary proceeding, and allowed it to remain dormant only at Defendants' request and because he had been focused on "stop[ping] the bleeding" and selling the winery. As the Trustee rightly notes, he accomplished his immediate priorities—back in January of this year. We are now coming up on Halloween. Also back in January, the Trustee stated that he had "investigated…the claims made by the Debtors, as debtors-in-possession, against Steve Finn and Angelica de Vere in Adv. Proc. No. 17-01023," and found them to be "nearly identical" to the claims made by the Sullivans in the District Court Action. *See Declaration of Timothy Hoffman, as Chapter 11 Trustee of the Bankruptcy Estates of Sullivan Vineyards Corporation and Sullivan Vineyards Partnership, Regarding Defendants' Motion to Transfer…*, N.D. Cal. Case No. 17-cv-05799-WHO, Dkt. No. 22.

13. Even if the Trustee were to amend the Complaint, however, the reality is that he cannot credibly allege harm, where among other things: no employees (and not simply the five creditors at issue) had ever been hired with board authorization; the Articles and Bylaws do not require board authorization; only three of the five even received written agreements; under the circumstances, the Defendants are entitled to the Business Judgment Rule; and in any event any

- 6 -
DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL
SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM

Case: 17-01023    Doc# 26    Filed: 10/24/18    Entered: 10/24/18 13:50:48    Page 6 of 7

claims against Ms. de Vere and Mr. Finn are circular, in light of the indemnification provisions of the California Labor Code, the Bylaws, and/or a specific Indemnity Agreement.

## CONCLUSION

WHEREFORE, the Defendants respectfully reiterate their request that the Court grant the Motion and enter an order dismissing this adversary proceeding and all claims therein, pursuant to Rule 56(a), and/or grant such other relief as the Court deems appropriate.

Dated: October 24, 2018

By  */s/ Philip S. Warden*
    Philip S. Warden

Philip S. Warden (SBN 54752)
Cecily Dumas (SBN 111449)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
philip.warden@pillsburylaw.com
cecily.dumas@pillsburylaw.com

*Attorneys for Stephen A. Finn
and Angelica de Vere*

- 7 -
DEFENDANTS' RESPONSE IN SUPPORT OF MOTION FOR (A) PARTIAL
SUMMARY JUDGMENT AND (B) DISMISSAL FOR FAILURE TO STATE A CLAIM